THOMAS Z. MORROW *v.* HENRY R. CLOUCH, ET AL.

**Infants as Plaintiffs—Jurisdiction—Technical Defense.**
Whether infants are represented by statutory guardians or not, where an action is brought for them to protect their estate the court has jurisdiction to hear and determine the same.

**Technical Defense.**
A purely technical defense will not be allowed to prevent infants from being deprived of their rights.

APPEAL FROM PULASKI CIRCUIT COURT.

September 23, 1874.

OPINION BY JUDGE PRYOR:

It is immaterial whether the appellees were represented by a statutory guardian or not; the infants were parties, plaintiffs, in the action by *prochein ami,* presenting a state of facts that, if true, not only authorized but required the interposition of the chancellor. Both the guardian, Bachelor, and his surety, Morrow, were non-residents, and the estate of the infants liable to be lost. A settlement was made by Bachelor showing an indebtedness of several hundred dollars. He had left the state without making any provision for its payment, with the consent, upon his part, that Parker should be made the guardian; and it is now too late for him to question the right of Parker as guardian or as the next friend of these infants to have their small estate secured. No notice of this

intention of the court to remove him was necessary, when he himself had consented that it should be done, and that Parker should be substituted in his place. The attachment was levied on the property of the surety, and we think in the mode required by the code by leaving the order of attachment with the occupant. The father of the two young ladies living in the property was the renter from Morrow, and had the actual control, and, we might add, the possession at the time. That Morrow was a practising attorney in the court, appointing Bachelor guardian is no defense to the action. He voluntarily uses his name in an illegal manner, by which Bachelor is enabled to obtain the custody of these children and their small patrimony. Their money is used by a firm of which he is a member. The guardian is insolvent or refuses to account to the wards, presenting every reason why the chancellor should hold the surety responsible. The defense offered is purely technical and must be disregarded in a case like this. Morrow was a non-resident when this action was instituted and the attachment was therefore sustained. The judgment should direct the time, terms and place of sale as well as the mode of advertising. This has not been done and for this cause alone the judgment is *reversed* with directions to enter a judgment directing the lot to be sold as provided in Sec. 253, Civil Code.

The commissioner should advertise at least fifteen days before sale at the court house door and three other public places in the vicinity of the lot, unless there is some special act in regard to such advertisements applicable to the county.

*R. M. and W. O. Bradley, Thomas Z. Morrow, for appellant.*
*Denton & Curd, A. J. and D. James, for appellees.*